UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ZOLTAN CSERNI,

    Plaintiff,

v.                          Case No. 8:23-cv-1047-KKM-LSG

LOWE'S HOME CENTERS, LLC,

    Defendant.

_____

## ORDER

    Plaintiff Zoltan Cserni sues Defendant Lowe's Home Centers, LLC, for negligence after Cserni tripped and fell in a Lowe's parking lot. Compl. (Doc. 1-1). Lowe's moves for summary judgment. Mot. for Summ. J. (MSJ) (Doc. 32). I defer ruling until Cserni has another opportunity to demonstrate that he can authenticate two Google Maps images consistent with the Federal Rules of Evidence. If Cserni fails to do so, Lowe's will be entitled to summary judgment.

## I.    BACKGROUND

    Cserni arrived at Lowe's one morning to purchase garden items. Joint Statement of Undisputed Facts (JSUF) (Doc. 33) ¶ 1. Cserni retrieved a flat cart from the garden area near the entry of the store, completed his purchases, and used the cart to transport the

purchased items to his vehicle. *Id.* ¶¶ 3–4. After loading his vehicle, Cserni returned the flat cart to the cart corral. *Id.* ¶ 5. On the first push, the cart hit the front of the corral. *Id.* ¶ 6. According to Cserni, the cart did not "roll well" because there was an "issue with the right side wheel." Cserni Dep. (Doc. 32-1) at 74:1, 75:4–5. So Cserni pushed the cart "very hard" and "lost" his balance. JSUF ¶ 7. His foot then contacted the "front bottom cross member" of the cart corral and Cserni fell inside the corral. *Id.* ¶¶ 7–8. Cserni does not know precisely how he fell. *Id.* ¶ 9. The raised crossbar (pictured below) is red, contrasted with the asphalt parking lot, and it was sunny outside. *Id.* ¶ 11.



(Doc. 35-1).

Cserni has visited the same Lowe's "many times" before the incident and, despite returning carts to cart corrals "every visit," never had any issues or any other trips and falls. *Id.* ¶¶ 17–18. Cserni is uncertain whether the crossbar was raised before the incident, does not know the cause of the crossbar's raised condition, and is unaware how long the crossbar has been raised. *Id.* ¶¶ 12–15. Cserni did not notice the crossbar's condition before the incident. *Id.* ¶ 16.

Cserni is unaware if anyone at Lowe's knew about the raised crossbar before the incident. *Id.* ¶ 14. Bree Weaver, the specialty assistant store manager for Lowe's, said that in her time working at the store (fourteen to sixteen years), she has never received any complaints or concerns from customers or employees about any issues with cart corrals, including the crossbar at issue. *Id.* ¶¶ 23, 25–26. Weaver also said that she has never responded to or investigated another incident like this one. *Id.* ¶ 23. In the three years preceding the incident, there have been no substantially similar incidents involving a customer tripping and failing over a cart corral in the parking lot. *Id.* ¶ 27.

Cserni sued Lowe's for negligence in state court and Lowe's removed to federal court. (Doc. 1); Compl. Lowe's moves for summary judgment.

## II.    LEGAL STANDARD

Summary judgment is appropriate if no genuine dispute of material fact exists, and

the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). A fact is material if it might affect the outcome of the suit under governing law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The movant always bears the initial burden of informing the district court of the basis for its motion and identifying those parts of the record that demonstrate an absence of a genuine issue of material fact. *See Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). When that burden is met, the burden shifts to the nonmovant to present evidentiary materials (e.g., affidavits, depositions, exhibits, etc.) demonstrating that there is a genuine issue of material fact, which precludes summary judgment. *Id.* A moving party is entitled to summary judgment if the nonmoving party "fail[s] to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

I review the record evidence as identified by the parties and draw all legitimate inferences in the nonmoving party's favor. *See Sconiers v. Lockhart*, 946 F.3d 1256, 1262 (11th Cir. 2020); *Reese v. Hebert*, 527 F.3d 1253, 1268 (11th Cir. 2008). Here, to the extent that the record is disputed or capable of multiple inferences, I draw them in favor of the non-movant.

### III.   ANALYSIS

"A negligence claim has four elements: (1) a duty by defendant to conform to a certain standard of conduct; (2) a breach by defendant of that duty; (3) a causal connection between the breach and injury to plaintiff; and (4) loss or damage to plaintiff." *Bartsch v. Costello*, 170 So. 3d 83, 86 (Fla. 4th DCA 2015). In a premises liability case, a plaintiff must also demonstrate that the defendant possessed the premises and had notice of the dangerous condition. *J.L. Prop. Owners Ass'n, Inc. v. Schnurr*, 336 So. 3d 291, 297 (Fla. 4th DCA 2022). "A landowner or occupier owes an invitee two independent duties: (1) to give warning of concealed perils which are known or should be known to the owner, but which are not known to the invitee, and (2) to maintain the premises in a reasonably safe condition." *Frazier v. Panera, LLC*, 367 So. 3d 565, 567 (Fla. 5th DCA 2023).

Lowe's argues that summary judgment is justified for three reasons. First, Lowe's argues that no genuine issue of material fact exists as to notice. MSJ at 12–18. Lowe's contends that Cserni fails to provide any evidence that Lowe's had either actual or constructive notice. *Id.* Second, and in the alternative, Lowe's argues that it is entitled to summary judgment because the raised crossbar was "open and obvious and, as a matter of law, not inherently dangerous." *Id.* at 18–25. Third, Lowe's argues that no genuine issue of material fact exists as to causation. *Id.* at 8–12. In this order, I address only the first argument.

## A. Notice

Despite his assertion that a plaintiff must prove notice only in premises liability cases that involve transitory substances, Resp. (Doc. 38) at 13–14, Florida law requires that Cserni prove that Lowe's had either actual or constructive notice of a dangerous condition on its premises. *See, e.g.*, *Dudowicz v. Pearl on 63 Main, Ltd.*, 326 So. 3d 715, 719 (Fla. 1st DCA 2021) ("In premises liability cases, the plaintiff must show the defendant had actual or constructive notice of the dangerous condition on its premises."); *Kitsopoulos v. Mathers Bridge Rest., Inc.*, 627 So. 2d 68, 69 (Fla. 5th DCA 1993) ("To recover for injuries in a premises liability case, the plaintiff must prove that the owner of the premises had actual or constructive notice of the dangerous condition which caused the injury."); *Lisanti v. City of Port Richey*, 787 So. 2d 36, 37 (Fla. 2d DCA 2001) (listing "notice of the dangerous condition" as an "element[] for a claim of premises liability"). Indeed, Florida courts have required proof of notice in cases that do not involve transitory substances. *See, e.g.*, *Smith v. Westdale Asset Mgmt., Ltd.*, 353 So. 3d 108, 110 (Fla. 1st DCA 2022) (stating that, in a premises liability case where the plaintiff tripped and fell over a speed bump, a "plaintiff must demonstrate that the defendant had actual or constructive knowledge of a dangerous condition on its premises"); *Dudowicz*, 326 So. 3d at 718–19 (addressing the notice requirement in a case involving a trip-and-fall in a hotel room due to an alleged change in the elevation of the walking surface); *Grimes v. Fam.*

*Dollar Stores of Fla., Inc.*, 194 So. 3d 424, 426–27 (Fla. 3d DCA 2016) (discussing the notice requirement in a case in which the plaintiff "tripped over a short steel re-bar which was protruding out of the ground"). Lowe's argues that Cserni has not presented any evidence of actual or constructive notice.

A business owner has "actual knowledge" of a dangerous condition when the owner or one of its agents "knows of or creates the dangerous condition." *Barbour v. Brinker Fla., Inc.*, 801 So. 2d 953, 957 (Fla. 5th DCA 2001). On this record, Cserni cannot prove that Lowe's had actual notice of the dangers presented by the raised crossbar. The parties do not dispute that there have been no substantially similar incidents in the three years proceeding Cserni's incident. JSUF ¶ 27. Weaver, the specialty assistant store manager at Lowe's, has never responded to a similar incident during her time working at the store, which spans over fourteen years. Weaver Dep. (Doc. 32-2) at 28:6–10; JSUF ¶ 23. Nor has Weaver received any complaints or concerns from customers or employees about the cart corrals, including the crossbar in question. Weaver Dep. at 28:16–21; JSUF ¶¶ 25–26. Nor does Cserni know whether anyone at Lowe's was aware of the condition of the crossbar before the incident. Cserni Dep. at 82:21–24; JSUF ¶ 14. In the light of this record evidence, Cserni cannot prove actual notice.

Constructive notice is a closer question. "Constructive knowledge may be inferred if the dangerous condition existed for such a length of time that in the exercise of ordinary

7

care, the premises owner should have known of it and taken action to remedy it." *Khorran*

*v. Harbor Freight Tools USA, Inc.*, 251 So. 3d 962, 965 (Fla. 3d DCA 2018). Cserni did

not observe the condition of the cart corral's crossbar before the incident. JSUF ¶ 16. To

meet his burden, Cserni asks me to take judicial notice of two images retrieved from Google

Maps—one purportedly from April 2015 and the other purportedly from November

2018—of the parking lot with the cart corral. Notice of Intent to Take Judicial Notice

(Notice) (Doc. 35).[1] Both images display a corral crossbar that is slightly raised.



April 2015 Image (Doc. 35-3).

---

[1] Although Cserni failed to style his "notice of intent" as a motion in limine seeking pretrial admission of the images, I construe the notice as a motion and deny it for the reasons explained.



November 2018 Image (Doc. 35-2). Lowe's objects to Cserni's notice of intent. Obj. (Doc. 40).

Cserni asserts that judicial notice is permissible under § 90.2035, Florida Statutes.[2] Notice at 4. But "in diversity cases, the Federal Rules of Evidence govern the admissibility of evidence in the federal courts." *Johnson v. William C. Ellis & Sons Iron Works, Inc.*, 609 F.2d 820, 821 (5th Cir. 1980);[3] *see McDowell v. Brown*, 392 F.3d 1283, 1294 (11th

---

[2] "Upon request of a party, a court may take judicial notice of an image, map, location, distance, calculation, or other information taken from a widely accepted web mapping service, global satellite imaging site, or Internet mapping tool, if such image, map, location, distance, calculation, or other information indicates the date on which the information was created." § 90.2035(1)(a), Fla. Stat. "In civil cases, there is a rebuttable presumption that information sought to be judicially noticed under this section should be judicially noticed. The rebuttable presumption may be overcome if the court finds by the greater weight of the evidence that the information does not fairly and accurately portray what it is being offered to prove or that it otherwise should not be admitted into evidence under the Florida Evidence Code." *Id.* § 90.2035(2)(b).

[3] The Eleventh Circuit adopted as binding precedent all decisions rendered by the United States Court of Appeals for the Fifth Circuit prior to the close of business on September 30, 1981. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

Cir. 2004) ("Rules of procedure encompass rules of evidence, and therefore, the Federal Rules of Evidence, not state evidentiary laws, apply."). The Eleventh Circuit has recognized an exception when the state evidentiary rule is "substantive in nature," *McDowell*, 392 F.3d at 1295, and the Federal Rules of Evidence sometimes incorporate state law, *see, e.g.*, FED. R. EVID. 601 ("[I]n a civil case, state law governs the witness's competency regarding a claim or defense for which state law supplies the rule of decision."). But Cserni has not identified any support for applying Florida's judicial notice standard in federal court.

Like other courts, I therefore apply federal law to this question. *See, e.g.*, *Thompson v. R.J. Reynolds Tobacco Co.*, 760 F.3d 913, 917 (8th Cir. 2014) ("For a court sitting in diversity, judicial notice is a matter of procedure governed by federal law."). Federal Rule of Evidence 201(b) allows a court to take judicial notice of an adjudicative fact if that fact is "not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Cserni relies on *American Atheists, Inc. v. Levy County*, No. 1:15CV113-MW/GRJ, 2017 WL 6003077, at *1 & n.2 (N.D. Fla. Dec. 3, 2017), where a district court took judicial notice of a Google Maps image. The court used the image in that case, though, only to establish the general location of government buildings, and there did not appear to be any dispute as to the fact of the buildings'

locations. *See id.*; *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994) ("In order for a fact to be judicially noticed under Rule 201(b), indisputability is a prerequisite."). Other courts have taken judicial notice for similar reasons. *See, e.g.*, *United States v. Perea-Rey*, 680 F.3d 1179, 1182 n.1 (9th Cir. 2012) ("We take judicial notice of a Google map and satellite image as a 'source[ ] whose accuracy cannot reasonably be questioned,' at least for the purpose of determining the general location of the home." (alteration in the original)); *Pahls v. Thomas*, 718 F.3d 1210, 1216 n.1 (10th Cir. 2013).

Here, Cserni attempts to use Federal Rule of Evidence 201(b) to prove much more than the general location of a building. Cserni seeks to use the two images to prove that the raised crossbar on a particular cart corral existed in the same condition at two points in the past. Cserni has not pointed to a case in which a court took judicial notice of a similar piece of evidence. Nor is the precise location of a cart corral or its condition on a particular date as evidenced in Google images the kind of adjudicative fact that cannot be reasonably questioned based on Google Maps's accuracy. Therefore, Cserni may not "bypass[] the safeguards which are involved with the usual process of proving facts by competent evidence in district court," *Shahar v. Bowers*, 120 F.3d 211, 214 (11th Cir. 1997), and I will not take judicial notice of the two Google Maps images.

Even though the images are not fit for judicial notice, they might be considered at summary judgment if Cserni can properly authenticate them. *See Rowell v. BellSouth*

*Corp.*, 433 F.3d 794, 800 (11th Cir. 2005) (explaining, on "motions for summary judgment," a court can consider evidence "which can be reduced to an admissible form"). Like other evidence, photographs may be admitted "in accordance with Federal Rule of Evidence 901." *Robinson v. Sauls*, 46 F.4th 1332, 1338 n.3 (11th Cir. 2022); *see* FED. R. EVID. 901(a) ("To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is.").

Although Lowe's initially raised only cursory objections to the images' admissibility, Reply (Doc. 41) at 5, Lowe's supplements its arguments on this score in a motion in limine. Mot. in Limine (MIL) (Doc. 46). Lowe's argues that Cserni "failed to authenticate and cannot authenticate the Google Map Photographs pursuant to Federal Rule of Evidence 901." MIL at 11–12. Cserni, Lowe's says, has not presented "any evidence of (1)[] the operating capabilities or condition of the equipment used by Google Maps; (2) the procedures employed by Google Maps in taking the photograph; (3) if the Google Map photo represented the condition of the cart corral in 2015 and 2018; or (4) the exact date the photo was taken." *Id.* at 12. Because Cserni seeks to introduce the images to prove what the exact cart corral at issue in 2021 looked like in 2015 and 2018, Lowe's argues that Cserni cannot authenticate that the cart corrals from the images include the condition of the cart corral that Cserni tripped over. MIL at 12–13.

Finally, Lowe's argues that the "probative value" of the Google Maps images is "substantially outweighed by a danger" of "confusing the issues" and "misleading the jury." FED. R. EVID. 403. Lowe's contends that the jury may: (1) "mistakenly believe" that the Google Maps images reflect "the actual conditions of the store on the date of the incident"; (2) "lead to an incorrect inference of negligence or fault"; and (3) "distract the jury from the substantive evidence directly related to the case." MIL at 13–14. This, Lowe's said, will lead to unfair prejudice. *Id.* at 13.

In response, Cserni relies on his judicial notice argument without even attempting to lay a foundation to authenticate the images for the purpose he seeks to admit them. Resp. (Doc. 53). Nor does Cserni's proposed trial witness list include an individual capable of laying such a foundation. (Doc. 51-3).

Although Rule 56 permits me to consider the lack of authentication of the Google images undisputed for purposes of summary judgment, I will permit Cserni another opportunity to respond. Because the Google images are the *only* evidence upon which Cserni relies to create a genuine issue of disputed fact as to constructive notice, the failure to authenticate the images is fatal to his negligence claim.[4]

---

[4] Cserni contends that notice—actual or constructive—is not required because this premises liability case does not involve a transitory substance. Instead Cserni argues that Lowe's breached its duties to "(1) to use reasonable care to maintain the premises in a safe condition, which includes a duty to use reasonable care to learn of the existence of any dangerous conditions on the premises, and (2) to give the invitee warning of concealed perils which are or should be known to the landowner, but are unknown to the invitee and could not be discovered by him through the exercise of due care." Resp. at 14 (quoting *Palavicini v. Wal-Mart Stores E., LP*, 787 F. App'x 1007, 1010 (11th Cir. 2019)). But even under that construction, the lack

## IV.   CONCLUSION

Cserni must authenticate the Google Maps images to create a genuine issue of material fact as to constructive notice. I will permit Cserni another opportunity to respond to the motion in limine regarding the admissibility of the Google Maps images and defer ruling on the summary judgment motion until Cserni files a supplemental memorandum.

Accordingly, the following is **ORDERED**:

1.     The Defendant's Motion for Summary Judgment (Doc. 32) is **DEFERRED**.

2.     Cserni may respond again to the Motion in Limine (Doc. 46) no later than **January 8, 2025.**

**ORDERED** in Tampa, Florida, on January 6, 2025.

Kathryn Kimball Mizelle
United States District Judge

---

of admissible evidence as to the length of time that the raised crossbar existed in a bent condition also defeats Cserni's negligence claim. A premises owner cannot "learn of the existence" of a condition that is not present on the property, nor can a premises owner provide an invitee with a "warning of [a] concealed peril[]" when no such peril exists. Thus, absent Cserni properly authenticating the Google images, his negligence claim fails.